Peter Strojnik, Arizona Bar No. 006464
**PETER STROJNIK, P.C.**
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: Strojnik@aol.com
Attorneys *pro hac vice* for Plaintiff (pending)
Lead Attorney

Maoputasi Young, Utah Bar No. 11247
1801 N 1120 W
Provo, UT 84604
Telephone: 801-655-1421
Facsimile: 888-267-5887
E-mail: tyoung@altamirada.com

FILED
U.S. DISTRICT COURT

2011 MAR 18 P 2:49

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>          Plaintiff,<br><br>vs.<br><br>ARENT FOX LLP f/k/a ARENT FOX KINTNER PLOTKIN & KAHN, PLLC a New York Limited Liability Partnership,<br><br>          Defendant. | NO.<br><br>**EX PARTE MOTION TO SEAL COMPLAINT FOR 60 DAYS AFTER THE SERVICE OF PROCESS ON DEFENDANT**<br><br>**DUCivR 5-2**<br><br>Case: 2:11cv00266<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 3/18/2011<br>Description: Dare Investments v. Arent Fox et al |

## THE PARTIES

Plaintiff Dare Investments, LLC ("Dare") is a Utah limited liability company. Defendant ARENT FOX, LLP is a New York based law firm with its principal place of business at 1675 Broadway, 25th Floor, New York, New York 10019. Arent Fox maintains offices in New York, Washington and Los Angeles.

## NATURE OF THE CASE

Current litigation arises out of a bankruptcy proceeding involving a complex series of interrelated transactions, debtors and claims. ("FCCG Bankruptcy") The Court docket in the FCCG Bankruptcy discloses 9 debtors, over 100 parties and claimants, an unusually large number of lawyers, over 1900 docket entries, 9 adversary proceedings (not including collateral state litigations and disputes) and 125 claims totaling over $20 million. Defendant Arent Fox was the attorney for the debtor in the FCCG Bankruptcy. Plaintiff Dare Investments, LLC, was the lender in the sale of bankruptcy assets.

Plaintiff alleges that Defendant Arent Fox acted in a dual capacity as the attorney for a debtor in bankruptcy and as the escrow agent in the sale of bankruptcy assets. Plaintiff alleges that at the Arent Fox knew that its approved administrative claim for $1,957,067.67 was in jeopardy unless some or all of the Bankruptcy Assets were sold. In the subsequent sale of the Bankruptcy Assets, Dare Investments as lender wired $5 million into Arent Fox Escrow Account. At

the time when Arent Fox accepted Dare's $5 million in escrow, Arent Fox knew that Dare's funding of $5 million was based on fraud. Arent Fox affirmatively concealed the fraud, failed to disclose the fraud, aided and abetted the buyers in perpetrating the fraud, and conspired with the buyers to defraud Dare out of $5 million. Plaintiff alleges that upon the completion of the sale of Bankruptcy Assets, Arent Fox paid itself $1,440,000 all of which came from Dare's $5million. Plaintiff alleges causes of action for breach of contract, fraudulent inducement, breach of fiduciary duty, fraud by failure to disclose and constructive fraud, aiding and abetting fraud, and conspiracy to defraud.

## MOTION TO SEAL

DUCivR 5-2(A) provides that "[o]n motion of one or more parties and a showing of good cause, the court or, upon referral, a magistrate judge may order all or a portion of the documents filed in a civil case to be sealed". In the instant case, the allegations against Arent Fox are serious and severe. Plaintiff anticipates that Arent Fox and/or certain attorney(s) involved in the alleged transactions may petition the Court to seal the Complaint in order to protect their identity and their involvement in the underlying transactions. Therefore, in the interest of maintaining the status quo until the Complaint has been served on Defendant, and to provide Defendant with a fair opportunity to make a motion to seal the file,

Plaintiff respectfully requests that the Complaint be sealed for a period of 60 days from the service of process upon Defendant.

Plaintiff makes this Motion without prejudice to objecting to Defendant's Motion to Seal should one be filed at a later time.

RESPECTFULLY SUBMITTED this 16th day of March, 2011.

                              THE LAW FIRM OF PETER STROJNIK, P.C.

                              _____
                              Peter Strojnik, Esq.
                              Attorney *pro hac vice* (pending) for Plaintiff

                              Maoputasi Young, Esq.