MASTER LOAN AGREEMENT

This master loan agreement, dated February 14, 2006, is between SWJ HOLDINGS, LLC, a \_\_\_\_\_ limited liability company ("SWJ"); STEPHEN PODELL ("Podell"), individually; COBRA/VENTURA EQUITIES, LLC, a New Jersey limited liability company ("Cobra"); WILLIAM J. MOURNES (Mournes"), individually; and DARE INVESTMENTS, LLC, a Utah limited liability company ("Dare").

RECITALS

WHEREAS SWJ is a Delaware limited liability company that has certain contract rights pursuant to a First Amended Asset Purchase Agreement (Exhibit 1) to purchase certain assets of the bankruptcy estate in the consolidated First Connecticut Holding Group, LLC, cases (collectively, "Debtor"), presently in the US Bankruptcy Court, District of Connecticut, case numbers 02-50852, 02-51167, 0251176, and 02-51220 for a net purchase price of $10,850,000; and

WHEREAS Mr. Podell is the manager and a member of SWJ; and

WHEREAS Cobra is a New Jersey limited liability company that is a member of SWJ and also the beneficiary of the Bangkok Bank bank guarantee (Exhibit 2) which is to serve as additional collateral for this loan; and

WHEREAS Mr. Mournes is the manager and a member of Cobra; and

WHEREAS Dare is providing a hard money loan to allow for the acquisition of the assets identified in the asset purchase agreement (the "Assets");

THEREFORE IT IS AGREED AS FOLLOWS:

1. **Payment on Behalf of SWJ.** No later than noon on February 15, 2006, Dare will pay on behalf of SWJ and Cobra $5,000,000 to the trust account of Arent Fox, counsel for the Debtor (the Disbursement"), for disbursement to the appropriate parties in the jointly administered bankruptcy cases, which advance shall constitute a loan to SWJ and Cobra that shall be evidenced by a promissory note in form reasonably acceptable to counsel for Dare (the "Note").

2. **Note Terms.** The Note shall provide for a lump sum payment to Dare of $12,000,000 payable in full on or before Noon, MST, on December 15, 2006 (the "Maturity Date"). The Note will provide that it may be pre-paid at any time, without penalty. The Note shall further provide that if it is not paid in full by May 16, 2006, SWJ and Cobra agree to an additional consideration equal to 5% of the then-outstanding amount to be added to the principal balance, and an additional 5% shall be added to the principal balance each 180 days thereafter. The Note will further provide that after the Maturity Date, the unpaid principal balance will bear simple interest at the annual rate of 18%, until paid in full. Both SWJ and Cobra shall be makers

731899.2                                1

of the Note, and they shall be jointly and severally liable for all obligations to Dare provided therein or in any of the Security Documents (as hereinafter defined).

3. **Loan Collateral.** The Note shall be secured by a senior security interest in favor of Dare in all of the Assets, subject only to the relative priorities provided in the next succeeding section of this Agreement ("Dare's Security Interest"), and pursuant to such security agreements, collateral assignments, financing statements and other documents as counsel for Dare shall reasonably require.

4. **Relative Priority of Dare Security Interest with Security Interest of Debtor's Creditors.** The $5,850,000 balance owed to the Debtor (the "Debtor Obligation") remaining after payment of the $5,000,000 by Dare pursuant to the February 2, 2006 court order in the bankruptcy cases shall be secured by a collateral assignment of the Assets (the "Creditors' Security Interest"). SWJ's agreement with the Debtor and its creditors shall provide that the Creditors' Security Interest shall be junior and subordinate to Dare's Security Interest until Dare has received payments on the obligation represented by the Note aggregating $6,000,000; after which the next $2,000,000 owed by SWJ and Cobra to Dare under the Note, and the first $2,000,000 owed to the Debtor on account of the Debtor Obligation, shall be secured by Dare's Security Interest and the Creditors' Security Interest, *in pari passu*; and thereafter the Creditor's Security Interest in the Assets will be senior to the Dare Security Interest until the Debtor Obligation is paid in full. SWJ's agreement with the Debtor and its creditors shall further provide that prior to the maturity date of the promissory note secured by the Creditors' Security Interest, the bankruptcy creditors may not foreclose without the prior, written consent of Dare.

5. **Title to Assets.** Prior to granting Dare's Security Interest to Dare, SWJ shall acquire the Assets free and clear of all adverse liens, interests and encumbrances within the meaning of 11 U.S.C. Section 363, as provided in the February 2, 2006, bankruptcy court order.

6. **Limitation on Transfer.** Until the Note has been paid in full, none of the Assets may be sold, transferred or otherwise encumbered without seven (7) days' prior written notice to Dare.

7. **Releases.** The bankruptcy estate, SWJ and Cobra shall enter into reciprocal releases signed by all parties for all claims except those arising under the agreement to sell the Assets.

8. **Conditioned Upon Delivery of Commitment to Issue Policy of Title Insurance.** All of Dare's obligations hereunder, and any disbursement of the Disbursement to the Debtor or its creditors, are expressly conditioned upon receipt, by Dare, of a commitment to issue a lender's policy of title insurance from Chicago Title Insurance Company, issued by its agent, Horizon Title Agency, in the amount of $5,500,000, with respect to the mortgagee's interest of First Connecticut Consulting Group, Inc. ("FCCG") under the Mortgage from Lorraine Mocco to FCCG, pledging Lot(s) 1 in Blocks 249, 250, and 251, as shown on the Tax Map of the Borough of Sayreville, New Jersey, which commitment shall be in a form acceptable to Dare.

9. **Conditioned upon Court Approval.** All of Dare's obligations hereunder, and any disbursement of the Disbursement to the Debtor or its creditors are expressly conditional on amendment of the February 2, 2006 bankruptcy court order and approval of the terms of this Agreement by a further final and non-appealable order. SWJ's agreement with the Debtor shall provide that if the bankruptcy court rejects the proposed modification, the Disbursement funds shall be returned to Dare within 24 hours of such rejection.

10. **Bangkok Bank Guarantee.** SWJ's agreement with the Debtor and its creditors shall provide for abandonment or redemption of the Debtors' claim on the Bangkok Bank bank guarantee upon disbursement of the Disbursement and the delivery of the appropriate security documents. Cobra shall grant Dare a senior interest in the Bangkok Bank bank guarantee as additional collateral for the Note. If the Note is not paid in full by May 16, 2006, Cobra consents to the grant of security interest in the bank guarantee in favor of a third-party lender to re-finance the Note and pay all obligations to Dare and hereby irrevocably appoints Dare as its attorney-in-fact for such purpose.

11. **Loan Fee.** Dare acknowledges receipt of a $50,000 loan fee from SWJ and Cobra, which shall be additional consideration to Dare and to reimburse Dare for its professional fees incurred in connection with this transaction.

12. **Transfer of Membership Interest in SWJ.** Upon closing of the purchase of the Assets from the Debtor, Cobra shall transfer 10% of its membership interest in SWJ to Dare, free and clear of all adverse interests, as additional consideration. If the Note is not paid in full before May 16, 2006, then Cobra shall transfer an additional 5% of its membership interest to Dare, free and clear of all adverse interests. If the Note is not paid within 180 days, then Cobra shall transfer an additional 5% interest to Dare, free and clear of all adverse interests..

13. **Transfer of Membership Interest in Cobra.** Upon closing of the purchase of the Assets from the Debtor, William Mournes shall transfer 5% of his membership interest in Cobra to Dare, free and clear of all adverse interests.

14. **Guarantee.** Any collateral provided for in this Agreement or the Security Documents shall also secure all existing obligations of Cobra to Dare. Cobra acknowledges that the current balance on those existing obligations is $5,102,286.92.

15. **Participation in Repayment to Utah Investors.** As a member of Cobra, Dare may participate in the negotiations regarding repayment of the debts owed to the Utah investors.

16. **Entire Agreement.** This Agreement constitutes the entire agreement and understanding among the parties hereto with respect to the subject matter hereof, and supersedes all prior agreements and understandings written and oral, among the parties with respect to such subject matter.

02/15/2006 13:12 IFAX → transfer 005/012
FEB-15-2006-WED 01:14 PM DUVAL HAWS & FREI PC FAX NO. 801 763 8379 P. 005/012
Case 2:11-cv-00266-DAK Document 23-2 Filed 06/14/11 PageID.1000 Page 4 of 5

02/15/2006 14:32 9739840808 RESIDENCE INN PAGE 10/10

02/15/2006 10:55 IFAX → transfer 003/003
FEB-15-2006 11:48 FROM:DARE INVESTMENTS 801-655-0656 TO:18013280537 P:3/3

17. **Utah Law Applicable.** This Agreement and any issue arising under or relating to it shall be construed under the laws of the state of Utah, without resort to its choice of laws or other conflicts of laws principles.

18. **Attorneys Fees.** In the event of a default under this Agreement, the defaulting party shall pay all reasonable attorneys fees and costs incurred by the non-defaulting part(ies) to enforce his or its (as the case may be) rights and remedies under this Agreement.

19. **Execution in Counterparts.** This Agreement may be executed in two or more counterparts, and shall be deemed to be fully executed when signed by all parties to the Agreement.

SWJ HOLDINGS, LLC

_____        _____
STEPHEN PODELL, managing member         STEPHEN PODELL, individually

COBRA/VENTURA EQUITIES, LLC

_____        _____
WILLIAM J. MOURNES, managing member    WILLIAM J. MOURNES, individually

DARE INVESTMENTS LLC

_____
Richard D. McCloskey, Jr., managing member

731899.2

4

17.   **Utah Law Applicable.** This Agreement and any issue arising under or relating to it shall be construed under the laws of the state of Utah, without resort to its choice of laws or other conflicts of laws principles.

18.   **Attorneys Fees.** In the event of a default under this Agreement, the defaulting party shall pay all reasonable attorneys fees and costs incurred by the non-defaulting part(ies) to enforce his or its (as the case may be) rights and remedies under this Agreement.

19.   **Execution in Counterparts.** This Agreement may be executed in two or more counterparts, and shall be deemed to be fully executed when signed by all parties to the Agreement.

SWJ HOLDINGS, LLC

_____            _____
STEPHEN PODELL, managing member             STEPHEN PODELL, individually


COBRA/VENTURA EQUITIES, LLC


_____            _____
WILLIAM J. MOURNES, managing member         WILLIAM J. MOURNES, individually


DARE INVESTMENTS LLC

_____