## ESCROW AGREEMENT

This Escrow Agreement (this "**Agreement**") is entered into as of the 14th day of February, 2006, by and among JAMES J. LICATA, FIRST CONNECTICUT CONSULTING GROUP, INC., FIRST CONNECTICUT HOLDING GROUP L.L.C. XXIII and FIRST CONNECTICUT HOLDING GROUP L.L.C. XXIV (collectively the "**Debtors**"), (together with the Debtors, collectively the "**Sellers** or, each individually a "**Seller**"), SWJ HOLDINGS, LLC ("**Purchaser**"), DARE INVESTMENTS, LLC, a Utah Limited Liability Company ("DARE") and COBRA/VENTURA EQUITIES LLC ("Cobra/Ventura") (collectively, the "**Parties**") and ARENT FOX PLLC, as escrow agent (the "**Escrow Agent**"). Capitalized terms used in this Agreement and not otherwise defined shall have the meanings given to them in the Asset Purchase Agreement referred to below.

### RECITALS

WHEREAS, the Parties have entered into that certain First Amended Asset Purchase Agreement dated as of the Effective Date (the "FAAPA"), relating to the purchase and sale of Sellers' Assets; and

WHEREAS, pursuant to a certain Proposal from Cobra/Ventura dated February 14, 2006 (the "CV Proposal"), *inter alia*, the Purchaser is required to deliver the sum of five million dollars ($5,000,000.00) (the "Escrowed Funds") to the Escrow Agent under terms provided therein; and

WHEREAS, Dare Investments, LLC is providing the Escrowed Funds subject to court approval of the CV Proposal, will be lending the funds to the Purchaser, and that Cobra/Ventura will be guaranteeing payment and performance of the Purchaser's obligations under separate agreements between and among them; and

WHEREAS, the Parties desire and request that the Escrow Agent be engaged as agent to hold the Escrowed Funds, if necessary, in escrow and to distribute the Escrowed Funds in accordance with the terms and conditions hereof; and

WHEREAS, the Escrow Agent is willing to perform such services in accordance with the terms and conditions hereof; provided, that the Escrow Agent shall also continue to serve as Debtors' counsel.

NOW, THEREFORE, in consideration of the foregoing and of the agreements hereinafter set forth and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be bound, hereby agree as follows:

### TERMS

#### SECTION 1. THE ESCROW AGENT'S DUTIES AND RESPONSIBILITIES

A.  The duties and responsibilities of the Escrow Agent, as escrow agent, shall be limited to those expressly set forth in this Agreement. No implied duties of the Escrow Agent

shall be read into this Agreement and the Escrow Agent shall not be subject to, or obliged to recognize any other agreement between, or direction or instruction of any or all the parties hereto even though reference thereto may be made herein, except to the extent expressly provided herein.

B. Upon receipt by the Escrow Agent of any Escrowed Funds from Purchaser in accordance with the instructions attached as Exhibit A to this Agreement, the Escrow Agent shall promptly notify Sellers that the Escrow Agent has received the Escrow Fund and is holding same pursuant to this Agreement. Upon receipt of any Escrowed Funds, Escrow Agent shall deposit same in an interest-bearing deposit account to be maintained by Escrow Agent (which need not be a segregated account, but may be a sub-account) at North Fork Bank or at any other bank or trust company organized in the United States having a minimum net worth of $200 million. The Escrowed Funds, which shall include any and all interest accrued thereon, shall be disbursed in accordance with the terms and subject to the conditions of this Agreement.

C. Within three (3) business days after receipt of written notice from the Parties to the Escrow Agent (the "**Disbursement Notice**"), the Escrow Agent shall release all of the Escrowed Funds from escrow and disburse such Escrowed Funds to such persons, in such amount and in such manner as shall be reasonably directed in the Disbursement Notice. If the Parties have not given the Disbursement Notice on or before March 31, 2006, then the Escrow Agent shall apply to the U.S. Bankruptcy Court for the District of Connecticut (the "Court") for deposit of the Escrowed Funds, and, upon approval of such application, shall deposit the Escrowed Funds with the Court. The Parties shall support any such application of the Escrow Agent.

D. Notwithstanding anything to the contrary provided in this Agreement, unless otherwise agreed upon in writing by the Parties, the Escrow Agent shall return the Escrow Funds to Dare in the event that, on or before March 31, 2006, (i) the CV Proposal is not approved by the Court or (ii), unless prevented by the fault of the Purchaser, closing has not occurred under the terms of the FAAPA. In such event, the Escrow Agent shall continue his duties and not be discharged for a reasonable time, but in no event shall such reasonable time exceed five business days..

E. The Escrow Agent is authorized, in its sole and absolute discretion, to disregard any and all notices or instructions other than the Disbursement Notice. Notwithstanding anything to the contrary in this Agreement, Escrow Agent is hereby authorized to comply, and shall comply, with any order of the Court or any other court which the Escrow Agent, in its sole and absolute discretion, determines has jurisdiction over it or the Escrowed Funds.

F. The Escrow Agent may rely, and shall be protected in acting or refraining from acting, upon any instrument furnished to it hereunder and believed by it, in its sole and absolute discretion, to be genuine and believed by it to have been signed or presented by the appropriate parties. The Escrow Agent may assume that the persons purporting to give any notice or instructions in accordance with the provisions hereof have been duly authorized to do so.

G. The Escrow Agent shall not be liable for any action taken or omitted by it in good faith except to the extent that a court of competent jurisdiction determines that the Escrow Agent's gross negligence or willful misconduct was the primary cause of any loss to the Purchaser or the Sellers.

H. The Escrow Agent shall not be responsible or liable in any respect on account of the identity, authority or rights of any person executing, depositing or delivering or purporting to execute, this Agreement or on account of or by reason of forgeries, false representations by third parties. Under no circumstances shall the Escrow Agent be liable for any general or consequential damages or damages caused, in whole or in part, by the action or inaction of the Parties or any of their respective agents or employees, whatsoever, and its sole obligation shall be to deliver the Escrowed Funds as required hereunder or to resign as permitted hereunder. The Escrow Agent shall not be liable for any damage, loss, liability, or delay caused by accident, strike, fire, flood, war, riot, equipment breakdown, electrical or mechanical failure, act of God or any cause which is reasonably unavoidable or beyond its reasonable control.

I. The Escrow Agent may consult with legal counsel of its own choosing (including, without limitation, lawyers that are members of, or employed by, Escrow Agent) and shall be fully protected in acting or refraining from acting in good faith and in accordance with the opinion of such counsel.

J. The Escrow Agent shall not have any liability arising out of or relating to losses resulting from its investment or reinvestment of the Escrowed Funds, including, but not limited to, any loss of or failure to earn interest on the Escrowed Funds, any claim that a higher rate of return could have been obtained, or any loss of interest resulting from any delay in the investment or reinvestment of the Escrow Deposit or the repurchase or sale of any certificate of deposit. The Escrow Agent shall be entitled to rely upon any judgment, notice, instrument or other writing delivered to it under this Agreement without being required to determine the authenticity of, or the correctness of any fact stated in, that document. The Escrow Agent may act in reliance upon any instrument or signature believed by it to be genuine and may assume that any person purporting to give any notice or receipt or advice to make any statement or execute any document in connection with this agreement has been duly authorized to do so. The Escrow Agent shall have no duties or responsibilities except those expressly set forth in this agreement. The Escrow Agent shall not have any obligations arising out of or be bound by the provisions of any other agreement, written or oral, including, but not limited to, the Agreement.

K. The Escrow Agent shall not be responsible in any manner whatsoever for: (a) any failure or inability of the Parties, or of anyone else, to perform or comply with any of the provisions of this Agreement or the FAAPA; (b) any misconduct or inability to perform with respect to the Escrowed Funds or the failure to return all or any part of the Escrowed Funds by any financial institution in which any Escrowed Funds are deposited or maintained; or (c) any investment decision with respect to the Escrowed Funds within the authority of the Escrow Agent expressly provided under this Agreement. Furthermore, the Escrow Agent shall not be responsible for the collection of any checks deposited with it.

L. The Escrow Agent shall not be bound or in any way affected by any notice of any modification or cancellation of this Escrow Agreement by the Parties in which the Escrow Agent does not join, or of any fact or circumstance affecting or alleged to affect rights or liabilities hereunder other than as is expressly provided in this Agreement, or affecting or alleged to affect the rights and liabilities of any other person, unless notice of the same is delivered to the Escrow Agent in writing, signed by the proper parties to the Escrow Agent's satisfaction and, in the case of

modification, unless such modification shall be satisfactory to the Escrow Agent and approved by the Escrow Agent in writing.

   M.  Notwithstanding anything to the contrary contained in this Agreement, the Parties agree that the Escrow Agent may represent the Debtors (and/or any of their affiliates) as counsel in any action, suit or other proceeding between the Parties, including, without limiting the generality of the foregoing, any action, suit or other proceeding brought to recover the Escrowed Funds, it being acknowledged by the Parties that the duties of the Escrow Agent hereunder are intended to be solely ministerial in nature and will not cause the Escrow Agent to be required to take a position, as escrow agent, adverse to any party hereto or disqualify it from representing the Debtors in any capacity deemed appropriate by the Escrow Agent so long as Escrow Agent acts consistently with its duties under this Agreement.

### SECTION 2. FEES AND EXPENSES OF THE ESCROW AGENT.

   The Escrow Agent shall serve without compensation, subject to the provisions of Section 3, below.

### SECTION 3. INDEMNIFICATION OF THE ESCROW AGENT.

   In addition to any other indemnity provided for in this Agreement, the Escrow Agent shall not be liable for, and the Parties hereby jointly and severally agree to reimburse Escrow Agent for, and to indemnify and agree to save harmless the Escrow Agent of and from, all loss, cost, liability, damage and expense, including without limitation, counsel fees (either paid to retained attorneys and/or members or employee of Escrow Agent (at rates customarily charged to clients)), incurred or suffered by Escrow Agent, arising out of or relating in any way to this Agreement, including, without limitation, those arising out of any dispute under this Escrow Agreement or otherwise with respect to all or any portion of the Escrowed Funds, including, without limitation, the costs and expenses of defending itself against any claim arising hereunder unless the same are caused by the willful, bad faith misconduct or gross negligence of the Escrow Agent. This indemnification and reimbursement obligation shall survive the release, discharge, termination, and/or satisfaction of this Agreement.

### SECTION 4. RESIGNATION OF ESCROW AGENT.

   (a)  The Escrow Agent and any successor escrow agent, as the case may be, may resign its duties and be discharged from all further duties or obligations hereunder at any time upon giving five (5) days' written notice to the Parties. The Parties will thereupon jointly designate a successor escrow agent hereunder within said five (5) day period to whom the Escrowed Funds shall be delivered or assigned. In default of such a designation of a successor escrow agent, the Escrow Agent shall retain the Escrowed Funds as custodian thereof until otherwise jointly directed by the Parties or until it has released the Escrowed Funds as otherwise provided in this Agreement, in each case without liability or responsibility.

   (b)  Anything in this Escrow Agreement to the contrary notwithstanding, the Escrow Agent, at any time on notice to the Parties, may take such other steps as the Escrow Agent, at

its option (in its sole and absolute discretion), may elect in order to terminate its duties as escrow agent hereunder, including, but not limited to, the deposit of the Escrowed Funds with the Court. Following deposit of all such Escrows Funds with the Court, the Escrow Agent shall be entitled to be relieved and discharged from any liability or responsibility to the parties hereto. Except as otherwise expressly provided by this Agreement, the Escrow Agent shall not be under any obligations to take any legal action in connection with this Agreement or its enforcement or to appear in, prosecute or defend any action or legal proceeding which, in its opinion, would or might involve it in any cost, expense, loss or liability, unless, and as often as required by it, it shall be furnished with security and indemnity satisfactory to it against all such costs, expenses (including attorneys' fees), losses and liabilities.

### SECTION 5. NOTICES.

Any notice, demand, approvals and other communications sent pursuant to this Agreement shall be in writing and shall be delivered by personal service, overnight air courier, or by facsimile, with confirmed transmission report, and addressed to the appropriate party at its address as follows:

(a) If to Sellers:

James J. Licata
23 Meeting House Road
Greenwich, Connecticut 06831

With a copy to:
Arent Fox PLLC
1675 Broadway
New York, New York 10019
Attention: Robert E. Grossman, Esq.
Facsimile: 212-484-3990

(b) If to the Purchaser:

SWJ Holdings, LLC
c/o Blackhawk Partners, LLC
11 West 42nd Street
New York, New York 10036
Attention: Steven Podell, Esq.

With a copy to:

Proskauer Rose LLP
1585 Broadway
New York, New York 10036
Attention: Dale A. Schreiber, Esq.
Facsimile: 212-969-2900

(c)   If to the Escrow Agent:

Arent Fox PLLC
1675 Broadway
New York, New York 10019
Attention: Robert E. Grossman, Esq.
Telefacsimile: (212) 484-3990

(d)   If to Rick McCloskey and/or Cobra/Ventura Equities LLC:

Duval Haws & Moody, P.C.
947 South 500 East, Suite 200
American Fork, Utah 84003
Attention: Gordon Duval, Esq.
Facsimile: 801-763-8379

(e)   If to Dare Investments, LLC:

Jones, Waldo, Holbrook & McDonought, PC
170 South Main Street
Suite 1500
Salt Lake City, Utah 84101-1644
Attention: George Pratt, Esq.
Facsimile: (801) 328-0537

Addresses for notice may be changed from time to time by written notice to the other parties. Any communication will be effective (i) if given by personal delivery or by overnight air courier, when delivered to the appropriate address above set forth, and (ii) if given by facsimile transmission, when transmitted to the appropriate fax number above set forth, with a faxed confirmation obtained by sender.

SECTION 6. ENTIRE AGREEMENT.

This Agreement constitutes the entire agreement and understanding among the parties hereto with respect to the subject matter hereof, and supersedes all prior agreements and understandings written and oral, among the parties with respect to such subject matter; provided, however, that nothing herein shall be construed to alter the obligations of the Parties under the Asset Purchase Agreement.

SECTION 7. MODIFICATION.

None of the terms or conditions of this Agreement may be changed, waived, modified or varied in any manner whatsoever unless in a writing duly signed by all the Party or Parties or the Escrow Agent, as the case may be, to be charged therewith.

6

### SECTION 8. ENFORCEABILITY.

A.    Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

B.    This Agreement shall be binding upon, and inure to the benefit of, and be enforceable by and against the respective successors and assigns of the parties to this Agreement.

C.    This Agreement shall be construed, enforced and administered in accordance with the laws of the State of New York, applicable to contracts executed, delivered and to be fully performed in New York, regardless of where actually executed, delivered or performed and notwithstanding any contrary choice or conflict of law provisions.

### SECTION 9. HEADINGS DESCRIPTIVE.

The headings of the several sections of this Agreement are inserted for convenience only and shall not in any way affect the meaning or construction of any provision of this Agreement.

### SECTION 10. EXECUTION IN COUNTERPARTS.

This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed an original, but all of which shall together constitute one and the same instrument. Signatures sent by telefacsimile transmission shall be deemed to be originals.

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement to be executed as of the date first above written.

SWJ HOLDINGS, LLC

By: _____
Name: Stephen Podell
Title: Managing Member

COBRA/VENTURA EQUITIES LLC

By: _____
Name: William J. Mournes
Title: Managing Member

DARE INVESTMENTS, LLC

By: _____
Name: Rick McCloskey
Title: Managing Member

ARENT FOX PLLC,
as Escrow Agent

By: _____
Name Robert E. Grossman
Title: Member

ACKNOWLEDGED AND AGREED TO

OFFICIAL COMMITTEES OF UNSECURED CREDITORS

By: _____
Alan J. Brody
Buchanan Ingersoll PC

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement to be executed as of the date first above written.

SWJ HOLDINGS, LLC

By: *(signed)*
Name: Stephen Podell
Title: Managing Member

DARE INVESTMENTS, LLC

By: _____
Name: Rick McCloskey
Title: Managing Member

COBRA/VENTURA EQUITIES LLC

By: _____
Name: William J. Mournes
Title: Managing Member

ARENT FOX PLLC,
as Escrow Agent

By: _____
Name Robert E. Grossman
Title: Member

ACKNOWLEDGED AND AGREED TO

OFFICIAL COMMITTEES OF UNSECURED CREDITORS

By: *(signed)*
Alan J. Brody
Buchanan Ingersoll PC

8