Peter Strojnik, Arizona Bar No. 006464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: Strojnik@aol.com
Attorneys *pro hac vice* for Plaintiff
Lead Attorney

Maoputasi Young, Utah Bar No. 11247
1801 N 1120 W
Provo, UT 84604
Telephone: 801-655-1421
Facsimile: 888-267-5887
E-mail: tyoung@altamirada.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ARENT FOX LLP f/k/a ARENT FOX KINTNER PLOTKIN & KAHN, PLLC a New York Limited Liability Partnership,<br><br>Defendant. | NO. 2:11-cv-00266<br><br>Honorable Dale A. Kimball<br><br>**PLAINTIFF'S MEMORANDUM OF SUPPORTING AUTHORITIES IN REPLY TO PLAINTIFF'S MOTION TO CONVERT TO MOTION FOR SUMMARY JUDGMENT** |

## SUMMARY OF REPLY

Dare's Cross Motion for Summary Judgment offers undisputed material facts. See Doc. 23 at pp. x-xviii.  Each of these facts is properly supported with citations to the record and the Affidavit of Richard McCloskey. In stark contrast to Dare's properly supported Motion, Arent Fox's Response fails to designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, infra. After all material facts and reasonable inferences are resolved in Arent Fox's favor, the following material facts are firmly established:

1. Arent Fox is a New York law firm.
2. Arent Fox acted as the escrow agent for Dare Investments.
3. Arent Fox was, as a matter of law, Dare Investments' fiduciary.
4. Arent Fox knew that the BBG's were fraudulent, that the previous sale to SWJ did not go through, that SWJ would be unable to repay the loan, and that Arent Fox had a significant self interest in receiving Dare's $5 million.
5. Arent Fox did not disclose to Dare that the BBG's were fraudulent, that the previous sale to SWJ did not go through, that SWJ would be unable to repay the loan, and that Arent Fox had a significant self interest in Dare's $5 million.
6. As a result of Arent Fox's non-disclosure, Dare Investments deposited $5 million in Arent Fox's escrow account on February 15, 2006.

1

7. Dare Investments lost $5 million as a direct and proximate result of Arent Fox's non-disclosures.

8. Pursuant to Judiciary Law § 487, Dare Investments is entitled to treble damages.

On these undisputed facts, no reasonable jury could return a verdict for Arent Fox, entitling Dare Investments to summary judgment. See <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 249 (1986); <u>Clifton v. Craig</u>, 924 F.2d 182, 183 (10th Cir. 1991).

This Reply is more fully supported by the following Argument and Supporting Law which are by this reference incorporated herein.

## ARGUMENT AND SUPPORTING LAW

1. **BURDEN OF PROOF**

The proponent of a Motion for Summary Judgment "has the initial burden of demonstrating the absence of any genuine issue of material fact to support". <u>Jensen v. Kimble</u>, 1 F.3d 1073, 1076 (10th Cir. 1993) (citing <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 323 (1986)).

Once the moving party has met this burden, the burden then shifts back to the nonmoving party to show that there is a genuine issue of material fact. <u>Bacchus Industries, Inc. v. Arvin Industries, Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991). To discharge its burden, the nonmoving party must "go beyond the pleadings and by

[opposing party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file', 'designate specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

In its Response, Arent Fox correctly notes that "the moving party has the initial burden of production", citing to K-TEC, Inc. v. Vita-Mix Corp., F. Supp. 2nd 1312, 1316 (D. Utah 2010) Here, the elements of fiduciary fraud and breach of contract are clearly stated in Plaintiff's Statement of Facts[1]. The burden of proof now shifts to Arent Fox. Bacchus Industries, Inc. v. Arvin Industries, Inc., supra.

But Arent Fox does not deny the essential elements of the claim for fiduciary fraud. Arent Fox admits that it was Dare Investments' fiduciary, that it did not disclose the BBG fraud to Dare, that SWJ was unable to close the prior sale and that Arent Fox had a selfish interest in receiving $5 million of Dare's money into its own escrow account. Dare Investments' claims are ripe for summary adjudication.

2. **THERE IS NO GENUINE ISSUE OF ANY MATERIAL FACT COMPRISING DARE'S CAUSE OF ACTION FOR FIDUCIARY FRAUD**

   a. **Existence of Fiduciary Relationship Between Arent Fox and Dare Investments Has Been Firmly Established**

---

[1] See Plaintiff's Memorandum Of Supporting Authorities In Response To (1) Defendant's Motion To Dismiss, (2) Motion To Transfer Case And (3) Plaintiff's Motion To Convert To Motion For Summary Judgment, Doc 23 at pp x-xvii.

3

Arent Fox was Dare Investments' Fiduciary as a matter of law. <u>Director Door Corp. v. Marchese & Sallah, P.C.</u>, 511 N.Y.S.2d 930, 931, 127 A.D.2d 735, 736 (N.Y.A.D. 2 Dept., 1987); 55 N.Y.Jur.2d, Escrows, §§ 15, 24, p. 603, 611; 22 N.Y. Comp. Codes R. & Regs. 1200.0 (Rules of Professional Conduct) Rule 1.15(a). Arent Fox does not deny this element of Dare's claim.

### b. **Arent Fox Knew of (1) Fraudulent BBG's; (2) SWJ's Prior Inability To Close the Transaction; and (3) Its Own Self Interest Before it Took Dare Investment's $5 million**

Arent Fox admits that "the problematic nature of the BBGs was made known to all [in the FCCG Bankruptcy] as early as January 13, 2006 in a public filing with the Connecticut Bankruptcy Court". Doc 25 at p 8 ¶26. Arent Fox admits that the "problematic nature" of the BBG's was confirmed by Bangkok counsel by letter dated February 10, 2006 stating in part:

> We were verbally informed that:
>
> 1. There is no record of those Bank Guarantees issued by Bangkok Bank Public Company Limited on that date.
>
> 2. Mr. Prasong Uthaisanchai is a director of Bangkok Bank Public Company Limited. He does not sign bank guarantees issued by Bangkok Bank Public Company.
>
> 3. Mr. Somchai Pondgadulyasook was an officer of Bangkok Bank Public Company Limited. He retired some years ago.
>
> 4. Bangkok Bank Public Company Limited does not affix a seal in bank guarantees issued by it.

Doc 25 at p. 5 ¶10. Arent Fox confirms that it received the February 10, 2006 letter from Thai, but that the letter "speaks for itself". <u>Id.</u>

4

Arent Fox further admits that without Dare's money, SWJ was previously unable to close the sale. <u>See</u> Doc 25 at p. 4 ¶ 5. Arent Fox does not admit that the sale fell through because SWJ had no money; however, the question <u>why</u> SWJ could not complete the prior sale is irrelevant.  What is relevant is the <u>fact</u> that SWJ could not complete the prior sale and that Arent Fox <u>knew</u> that SWJ could not complete the prior sale.  Arent Fox, as Dare's fiduciary, had a duty to disclose that a prior sale to the sale purchaser (SWJ) did not go through, and explain the reasons why.

Lastly, Arent Fox admits that at the time of the Dare transaction, it was the beneficiary of approved fees and costs in the amount $1,898,777.60. Arent Fox does not deny that the Monthly Operating Report for February, 2006 (Doc 974 in FCCG Bankruptcy) proves that the Debtor had a balance of $650,000 in its bank account. Doc 25 at p 4, ¶ 3[2].  Arent Fox argues, however, with the proposition that in order for "Arent Fox to be paid, it had to arrange for a sale of some or all of the Assets." On this matter, the Court can take judicial notice of two factors: First, that $650,000 is insufficient to pay $1,898,777.60. Second, that administrative claims are paid out of the Estate as a matter of law. <u>See</u> 11 U.S.C. §726  relating to Distributions from the Estate and 11 U.S.C. §507 relating to priority of payments from the Estate.

---

[2] Arent Fox makes reference to the August 2005 Operating Report. This must be scrivener error.

Arent Fox also admits that it received $1,440,000.00 of Dare's $5 million, Doc 25 at p. 7, ¶21, and that Arent Fox withdrew from further representation once it got paid. Id. at p. 8, ¶¶ 23,24.

### c. Arent Fox's Failed to Make Disclosure To Dare Investments

Arent Fox argues that "the problematic nature of the BBGs was made known to all [in the FCCG Bankruptcy] as early as January 13, 2006 in a public filing with the Connecticut Bankruptcy Court". Doc 25 at p. 8 ¶26. Arent Fox confirms that the fraudulent nature of the BBG's was then disclosed to the Court on February 27, 2006 – 12 days after Dare Investments wired $5 million to Arent Fox. But Arent Fox does not dispute that it failed to make the required disclosures to Dare Investments. The relevant question here is not whether Arent Fox disclosed the fraudulent BBG's to the Court, but whether it disclosed the fraudulent nature of the BBG's to Dare Investments prior to Dare Investments' funding of Arent Fox's escrow on February 15, 2006.

Dare offers no facts controverting Arent Fox's failure to disclose the BBG fraud, SWJ's prior inability to close the transaction, and its own self-interest.

### d. Dare Investments' Reliance Was Justifiable

In Paragraph 25 of its Responsive Memorandum (Doc 23) Dare offers a properly supported statement from the Affidavit of Richard McCloskey (Doc 23-5). The statement discloses that Dare conducted independent due diligence into SWJ's proposed purchase of the Assets from the bankruptcy estate. "Dare did not

6

conduct any investigation into Arent Fox's self-interest or the validity of the BBG's.  <u>Dare was aware of no facts that would lead a reasonable person to no longer trust Arent Fox.  Therefore, Dare's reliance on Arent Fox's failures to disclose was justifiable</u>."(Emphasis in original.)

In opposition, Arent Fox directs attention to Exhibits A (FCCG Bankruptcy Docket Sheet) and G (Certification of Richard McCloskey). Neither exhibit contains information controverting Statement of Facts 25.

Arent Fox points to the Williams Transcript at 170:12-170:17 for the proposition that the BBG's were not relevant to the SWJ loan transaction. Unfortunately, Arent Fox fails to mention that Mr. Williams never spoke with Mr. McCloskey[3] and could have no knowledge of what Mr. McCloskey considered relevant.  Arent Fox also fails to mention that Mr. Williams was not engaged until <u>after</u> February 15[4]. Lastly, Arent Fox completely ignores that the material aspect of the BBG's is in the fraud itself which, along with SWJ's inability to complete the

---

[3] Williams Transcript at 11:7-10:

> A.   I don't know that I've ever spoken with Mr. McCloskey.  It could have happened, and if so, it might have been on a casual basis, but I don't recollect any direct contact with him.

[4] Williams Transcript 63:9-14:

> Q.  Was there an agreement struck at this time in or around February 15th to your knowledge between Dare and SWJ with regard to its funding?
> A.  I don't know when they came to terms.
> Q.  Was it before you were engaged?
> A.  Yes, it was.

7

previous transaction, its inability to complete the current transaction and Arent Fox's self-dealing, would lead a reasonable man to step away from the entire deal.

Arent Fox further argues that Dare's justifiable reliance is a legal issue, but fails to acknowledge the legal standard for reasonable reliance on fiduciaries set forth in <u>World Wrestling Entertainment v. Jakks Pacific</u>, 530 F.Supp.2d 486, 528 (S.D.N.Y., 2007). Dare Investments had no "reason to be suspicious" of Arent Fox's self-interest, or its knowledge of the BBG's fraud, or its knowledge of SWJ's inability to repay the $5 million loan.

### e. **Dare Investments Damages**

Dare's damages are equal to the amount deposited into Arent Fox's escrow account: $5 million.

### f. **Dare Investments Entitlement to Treble Damages**

Arent Fox offers no factual or legal argument controverting Dare's position that the amount of damages must be trebled to $15 million pursuant to NY Judiciary Law § 487. Arent Fox mentions § 486 just once, and then only in the context of a citation from Dare's Motion[5]. Apparently, Arent Fox agrees that the damages are to be trebled to $15 million.

---

[5] Doc 25 at 2:

> In its opposition to Arent Fox's Motion to Dismiss, Dare appears to take a halfhearted swipe at a cross-motion for partial summary judgment on Counts One (Breach of Contract) and Three (Breach of Fiduciary Duty). Dare's entire purported cross-motion consists of a single sentence: "There being no genuine

## **CONCLUSION AND PRAYER FOR RELIEF**

Arent Fox's Response fails to designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, infra. Resolving all inferences in Arent Fox's favor, it remains undisputed that (1) Arent Fox acted as Dare Investments' fiduciary, (2) Arent Fox knew that certain BBG's were fraudulent, that the prior sale to SWJ fell through and that Arent Fox had a substantial self interest in Dare's $5 million, (3) that Arent Fox did not make disclosure to Dare Investments, (4) that as a result, Dare funded Arent Fox's escrow with $5 million, (5) that Dare lost $5 million, and (6) that Dare is entitled to treble damages against Arent Fox in the amount of $15 million. Dare Investments is entitled to judgment as a matter of law. Dare Investments request an entry of judgment in its favor and against Arent Fox in the amount of $15 million.

RESPECTFULLY SUBMITTED this 14th day of July, 2011.

**STROJNIK, P.C.**

_____
Peter Strojnik, Esq.
Attorney *pro hac vice* for Plaintiff

---

issue of material fact, and Dare being entitled to judgment on the breach of covenant of good faith and fair dealing and fiduciary duty as a matter of law, Dare respectfully requests the entry of judgment in its favor in the amount of $5,000,000.00, trebled to $15,000,000.00 pursuant to NY Judiciary Law § 487."

9