IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARE INVESTMENTS, LLC,<br><br>             Plaintiff,<br><br>vs.<br><br>ARENT FOX, LLP f/k/a/ ARENT FOX KINTNER PLOTKIN & KAHN, PLLC a New York Limited Liability Partnership,<br><br>             Defendant. | ORDER<br><br>Case No.  2:11CV266 DAK |

This matter is before the court on Defendant Arent Fox, LLP's ("Arent Fox") Motion to Dismiss for Failure to State a Claim, or, in the Alternative, to Change Venue.  A hearing on the motion was held on September 8, 2011.  At the hearing, Defendant Arent Fox was represented by Robert R. Wallace, Peter N. Wang, and Douglas S. Heffer.   Plaintiff Dare Investments, LLC (Dare") was represented by Peter Strojnik and Maoputasi Young. The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Order.[1]

---

[1] For the purposes of this motion, the court has assumed the truth of any well-pleaded allegation. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). "The court does not accept, however, allegations concerning the legal effect of the events the plaintiffs have set out if these allegations do not reasonably follow from the description of what happened, are contradicted by the description itself, or are contradicted by facts that have been judicially noticed." *Karacand v. Edwards*, 53 F. Supp. 2d 1236, 1241 (D. Utah, 1999) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (2d ed. 1990)).

Plaintiff has brought this action for breach of contract, fraudulent inducement, breach of fiduciary duty, fraud by failure to disclose and constructive fraud, aiding and abetting fraud, and conspiracy to defraud.

In its Motion to Dismiss, Defendant argues that Plaintiff's claims are completely undercut by the explicit terms of a detailed Escrow Agreement which governed Arent Fox's conduct in this transaction. According to Defendant, the Escrow Agreement clearly and unambiguously limits Arent Fox's role to be "solely ministerial," and provides no basis for any of Plaintiff's claims, regardless of whether New York or Utah law applies. In addition, Defendant contends that the fraud-based are claims barred by the applicable statute of limitations. Accordingly, Arent Fox requests that the Complaint be dismissed in its entirety with prejudice.

The court agrees with the arguments and analysis set forth by Arent Fox and finds that the Escrow Agreement forecloses Plaintiff's claims against Arent Fox. In addition, Plaintiff's fraud-claims claims are time-barred. Therefore, for all the reasons set forth by Arent Fox in its supporting memoranda, the court grants its motion to dismiss all Plaintiff's causes of action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Arent Fox's Motion to Dismiss for Failure to State a Claim [Docket No. 14] is GRANTED. Plaintiff's "Motion" to Convert the Motion to Dismiss to a Motion for Summary Judgment (found in Docket No. 21) is DENIED. Arent Fox's Motion to Change Venue [Docket No. 15] is MOOT, as is Peter Kristofer Strojnik's Motion for Admission Pro Hac Vice [Docket No. 29]. The Clerk of Court is directed to close this case.

DATED this 28th day of October, 2011.

>BY THE COURT:
>
>_____
>DALE A. KIMBALL
>United States District Judge